**Edythe WEETMAN, Plaintiff–Appellant,**

v.

**Louis J. SULLIVAN,***
**Defendant–Appellee.**

No. 88–3600.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 1989.

Memorandum Feb. 24, 1989.

Order and Opinion June 6, 1989.

As Amended Sept. 14, 1989.

Dana C. Madsen, Spokane, Wash., for plaintiff-appellant.

Ellen A. Miyasato, Asst. Regional Counsel, Dept. of Health & Human Services, Seattle, Wash., for defendant-appellee.

Before WRIGHT, TANG and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Appellant Edythe Weetman appeals the district court's affirmance of a decision of

---

* Louis J. Sullivan is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

the Secretary of Health and Human Services ("Secretary") denying her claim for disability benefits under Title II of the Social Security Act. Appellant contends that the Secretary improperly discounted her subjective pain testimony and erroneously ignored the evidence of disability offered by her treating physicians. We believe substantial evidence supports the Secretary's decision and, accordingly, we affirm.

## PROCEEDINGS BELOW

Appellant filed for Title II benefits in September 1984. Her claim was denied initially and again after reconsideration. Appellant then obtained a hearing before an Administrative Law Judge ("ALJ") who decided at the outset that her eligibility for benefits was restricted to the period between November 25, 1979, and June 30, 1982.[1] The ALJ then heard testimony from Appellant, Appellant's husband, and a vocational expert. Appellant testified that she suffered from symptoms of Meniers disease, which, according to her, effectively prevented her from standing or sitting for extended periods. Further, Appellant testified that her ailment prevented her from using her hands, from hearing, from seeing, from concentrating, and even from sleeping. Appellant admitted, however, that she had earned $791.38 in 1980, $5,999.38 in 1981, and $298.39 in 1982 working as a part-time nurse. Appellant's husband corroborated Appellant's testimony by stating that he had observed her suffer dizzy spells on a daily basis. The vocational expert, in response to a hypothetical question posed by the ALJ, stated that anyone with Appellant's background in nursing had transferable work skills for most sedentary positions and that these positions were widely available in the regional economy.

The ALJ decided that Appellant had engaged in substantial gainful activity throughout the calendar year 1981 and up to April 1, 1982, because her earnings exceeded $300 per month. For the periods preceding January 1, 1981, and following April 1, 1982, the ALJ concluded that Appellant had the capacity to perform sedentary work. The ALJ did not doubt the sincerity of Appellant's subjective pain testimony but he nevertheless concluded that her condition at the time of the hearing was inconsistent with the medical notes recording her physical condition in 1981 and 1982. The ALJ then concluded that, although Appellant was unable to return to her previous occupation as a registered nurse, she nevertheless possessed work skills transferable to existing job opportunities. Thus, the ALJ concluded that Appellant was not "disabled" within the meaning of Title II for the period in which she was entitled to disability benefits.

The Board of Appeals declined to review the ALJ's decision even though Appellant submitted a letter from her medical doctor opining that she had been disabled during the entire eligibility period. The Board of Appeals reasoned that the newly submitted evidence was inconsistent with the medical doctor's contemporaneous medical evaluations and therefore did not contradict the ALJ's finding of no disability. The ALJ's decision thus represented the final decision of the Secretary. Appellant then sought review of the Secretary's decision in the District Court for the Eastern District of Washington. The magistrate assigned to consider the matter concluded that substantial evidence supported the Secretary's ultimate conclusion that Appellant was not disabled during the entire eligibility period. This timely appeal followed and we now have jurisdiction pursuant to 28 U.S.C. § 1291 (1982).

## STANDARD OF REVIEW

A denial of a disability claim is to be affirmed if the "Secretary's findings of fact are supported by substantial evidence and the Secretary applied the proper legal

---

1. The ALJ established the beginning date of the eligibility period by virtue of the res judicata effect of the denial of a previous claim filed by Appellant. *See* 20 C.F.R. § 404.957(c)(1) (1988). The ALJ established the ending date of the eligibility period by virtue of the date Appellant no longer met the requirements for disability insured status. *See id.* § 404.130. Insofar as Appellant challenges these dates on appeal, we conclude that substantial evidence supports the ALJ's determination.

standards." *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1278 (9th Cir.1987) (citation omitted). Substantial evidence " 'is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citation omitted), but "the reviewing court must 'look at the record as a whole and not merely at the evidence lending support to a finding,' " *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980) (citation omitted).

### DISCUSSION

■ Appellant does not quarrel with the Secretary's conclusion, as modified by the district court, that she engaged in substantial gainful activity throughout the 1981 calendar year. Nor does she seriously quarrel with the Secretary's conclusion that she possessed transferable work skills and that jobs would have been available to her. Instead, the crux of Appellant's appeal is that the Secretary wrongly discounted her testimony concerning her physical condition during the eligibility period. Appellant also contends that the Secretary improperly rejected her medical doctor's opinion that she had been totally disabled during the entire eligibility period. Appellant argues that when combined these errors caused the Secretary to reach the incorrect conclusion that she was able to do sedentary work. We believe this contention lacks merit.

As stated in many decisions of this court,

> The Secretary is not required to believe a claimant's complaints of pain. The Secretary can disregard such self-serving testimony whenever the claimant fails to submit objective medical findings establishing a medical impairment that could reasonably be expected to produce the claimed pain. However, [the Secretary] must make specific findings justifying that decision.

*Green v. Heckler*, 803 F.2d 528, 531–32 (9th Cir.1986) (citations omitted). Equally clear is that the Secretary's "assessment of pain level is entitled to great weight." *Id.* at 532.

Implicit in Appellant's argument is the contention that, contrary to the ALJ's specific findings, her physical condition at the time of the hearing was no worse than it had been before her eligibility for disability benefits ended in June 1982. But as the ALJ made clear in his findings, none of the medical notes made contemporaneously with Appellant's three or four visits to the doctor during 1981 and 1982 provided objective medical evidence that her impairment was as serious as her testimony indicated. The ALJ noted that while Appellant had some hearing loss in her left ear, she had normal hearing of the right ear and essentially mid-range hearing of the left ear. The ALJ also noted that the medical record did not indicate that Appellant's trigeminal neuralgia persisted at a functionally significant level for any twelve continuous month period during the period of eligibility. Finally, the ALJ noted that Appellant's mild dizziness and history of allergic rhinitis sinusitis and eustachian tube dysfunction were nonexertional limitations that would not have significantly diminished her capacity to perform sedentary work. Our review of the record confirms that Appellant's testimony, given in early 1985, dealt almost entirely with her condition at that time. Because "[a]ny deterioration in her condition subsequent to [the period of eligibility] is, of course, irrelevant," *Waters v. Gardner*, 452 F.2d 855, 858 (9th Cir.1971), we conclude that substantial evidence supports the ALJ's findings that Appellant had not been disabled.

Appellant nevertheless argues that her testimony is consistent with the evidence presented by her attending physicians. Presumably Appellant is referring to Dr. Bonneau's letter, solicited by Appellant after the ALJ issued his negative ruling, opining that Appellant had been "totally" disabled during the entire eligibility period. The ALJ "is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so." *Montijo v. Secretary of Health & Human*

*Servs.*, 729 F.2d 599, 601 (9th Cir.1984) (citations omitted). We believe, as did the Board of Appeals, that there are clear and convincing reasons for rejecting Dr. Bonneau's opinion on the ultimate issue of disability.

First, Dr. Bonneau's opinion is clearly inconsistent with the medical notes that he had made during examinations of Appellant in 1981 and 1982, as well as with the fact that Appellant had engaged in substantial gainful activity during the 1981 calendar year. Second, Dr. Bonneau's opinion is all the less persuasive since it was obtained by Appellant only after the ALJ issued an adverse determination. *Cf. Key v. Heckler,* 754 F.2d 1545, 1550 (9th Cir.1985) (court refused to remand for reconsideration of "new" evidence because when the claimant "failed to succeed on his disability claim in the agency and district court hearings, he sought out a new expert witness who might better support his position"). We conclude, therefore, that substantial evidence supports the Secretary's determination that appellant had the functional residual capacity during the eligibility period to perform sedentary work.

## CONCLUSION

The judgment of the district court is AFFIRMED.