944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nerses TOROSYAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-55619.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1991.*
Decided Sept. 12, 1991.
 
 Before D.W. NELSON, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Torosyan appeals the district court's summary judgment upholding the administrative decision by the Secretary of Health and Human Services to deny him supplemental security income disability benefits. We affirm.
 
 
 3
 We review a district court's grant of summary judgment de novo. Paulson v. Bowen, 836 F.2d 1249, 1250 (9th Cir.1988). However, the scope of our review of an ALJ's denial of benefits is limited. In order to affirm we need only determine that substantial evidence supports the ALJ's findings, Id.. "Substantial evidence means 'more than a mere scintilla' but 'less than a preponderance.' It means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).
 
 
 4
 In evaluating the evidence, we look at the entire record and not merely the particular parts of the record that lend support to the ALJ's decision. Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir.1989). If the evidence supports more than one rational interpretation, we must uphold the ALJ's decision. Magallanes, 881 F.2d 750. Where evidence is conflicting or inconclusive, our role is to affirm the decision actually made. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984). Responsibility for determining credibility and resolving conflicts in medical testimony rests with the ALJ. Magallanes, 881 F.2d 750.
 
 
 5
 The record of this case contains conflicting reports from at least ten different doctors. With respect to claimant Torosyan's physical health we find substantial evidence supports the ALJ's conclusion that Torosyan retains the residual functional capacity to perform his past work. There is no indication that the ALJ substituted his own medical judgment for that of Torosyan's treating physician or any other examining physicians.
 
 
 6
 Furthermore, the ALJ did not improperly reject the recommendations from Torosyan's treating physician. Though a treating physician's opinion is entitled to "greater weight," such opinions are far from determinative and an ALJ need not accept conclusionary assertions. Magallanes, 881 F.2d 751. The reports submitted by the treating physician in this case arguably appear conclusionary and contradictory. Moreover, the discrepancies between the treating physician's reports and the other physician's reports in examination results and recommendations empowered the ALJ to weigh the credibility of the opinions expressed and exercise discretion in selecting the evidence upon which to support a ruling. Therefore we hold that the ALJ did not fail to properly comply with the treating physician rule.
 
 
 7
 The final consideration of physical impairment relates to Torosyan's claim of disabling headaches and heart pain. The ALJ did not find Torosyan's assertions credible on this count based upon the objective medical evidence. It appears that the ALJ did carefully examine the record and we perceive no error in this evaluation.
 
 
 8
 Lastly, Torosyan alleges disabling mental impairment. Even viewing the conflicting the psychiatric and psychological examinations in the most favorable light, it does not appear that the ALJ erred in finding Torosyan fit for his previous work; work which does not require high degrees of concentration or social skills.
 
 
 9
 Therefore substantial evidence supports the ALJ's decision that Torosyan's health problems do not prevent him from engaging in his line of work.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3