15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Earnie L. MARTIN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 92-16218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 22, 1993.
 
 Before: WALLACE, Chief Judge, GARTH** and WIGGINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Martin appeals from the district court's entry of summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). The district court held that the Secretary's decision that Martin was not entitled to Social Security Disability Insurance ("SDI") and Supplemental Security Income ("SSI") benefits was supported by substantial evidence. We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 2
 On January 12, 1989 and February 1, 1989, Martin filed applications for SSI and SDI benefits on the basis of his inability to continue working as a security guard due to recurring lower back pain. These applications were denied by the Secretary following an orthopedic examination by Dr. David Damazo which disclosed no evidence of physical disability. Martin filed a request for a hearing before an Administrative Law Judge ("ALJ"). On April 25, 1990, the ALJ affirmed the denial of disability benefits. Thereafter, the Appeals Council dismissed Martin's request for review of the ALJ's decision, and refused to consider additional evidence submitted by Martin. Martin then appealed to the district court which granted summary judgment in favor of the Secretary, holding that the denial of benefits was based on substantial evidence. Martin now appeals.
 
 II.
 
 3
 The principal issue before us is whether the district court erred in concluding that the Secretary's decision that Martin was not disabled was based upon substantial evidence and upon the proper legal standards. We review the district court's grant of summary judgment de novo. Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir.1990). The Secretary's determination that a claimant is not disabled will be upheld if the Secretary applied the proper legal standard and if there is substantial evidence in the record as a whole to support the decision. Id.
 
 
 4
 To be eligible for either SDI or SSI benefits, a claimant must establish that he is suffering from a "disability" that makes it impossible for him to engage in any "substantial gainful activity," within the meaning of 42 U.S.C. Sec. 423.[1] This Martin failed to do. The record reveals that the four doctors who examined Martin all characterized his physical condition as being normal. In particular, Dr. Damazo, who examined Martin after Martin applied for disability benefits, concluded that there was no evidence of physical disability. Based on the evidence presented, the administrative law judge concluded that although Martin could not perform heavy labor, he could continue to function as a security guard. This conclusion was supported by substantial evidence in the record as a whole and will be upheld.
 
 III.
 
 5
 Martin also argues that the Appeals Council erred in refusing to consider new evidence submitted after the ALJ had rendered his decision, to wit, a second letter from Dr. Ching, Martin's treating physician, stating that Martin could stand or walk for short periods of time, and a letter from Martin's former employer stating that Martin was not fit for employment as a security guard. The Appeals Council, however, properly excluded the new evidence, which was inconsistent with the overwhelming evidence in the record. Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir.1989); Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir.1990).
 
 
 6
 Finally, Martin's argument that the ALJ and Appeals Council erred in determining that a security guard position requires only "light" to "medium" work, without explicitly relying on either the Dictionary of Occupational Titles at 252 ("Dot ") or Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles at 334 ("SCOD "), is wholly without merit. Use of these manuals is permissible, although certainly not mandatory, in ascertaining the duties and demands of a claimant's prior employment. See Villa v. Heckler, 797 F.2d 794, 798 (9th Cir.1986). Martin cites no authority which holds otherwise. In any event, the Secretary's denial of benefits to Martin was consistent with the definitions found in DOT and SCOD.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Section 423(d) defines the term "disability" as follows:
 (1) The term "disability" means--
 (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....
 * * *
 (2) For purposes of paragraph (1)(A)--
 (A) An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....