Roy P. BODNARCHUK,
Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.

No. 02–56969.
D.C. No. CV–02–00028–VAP.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 23, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Roy P. Bodnarchuk appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment and must uphold the Commissioner's decision if it is supported by substantial evidence and is free of legal error. *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir.1999). We affirm.

Because Bodnarchuk was not insured under Title II when he filed his application for disability benefits on May 5, 1999, he had the burden of proving that he had been continuously disabled from on or before March 31, 1981—his date last insured. *See Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1460 (9th Cir.1995).

■ We reject Bodnarchuk's contention that substantial evidence showed that he became totally disabled on June 30, 1980 as a result of complications from a 1972 motorcycle accident. The administrative law judge ("ALJ") correctly determined that Bodnarchuk failed to produce sufficient medical evidence of his condition prior to 1981 and thus did not prove that, at that time, he had a severe impairment or combination of impairments. *See Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995) (to satisfy burden of proof, "[c]laimant must produce complete and detailed objective medical reports of [his] condition from licensed medical professionals"). Because we conclude that there was substantial evidence to support the ALJ's finding that Bodnarchuk did not have a severe impairment during the relevant period, we need not reach the question of whether his impairment met or equaled Listing 1.13. *See Verduzco,* 188 F.3d at 1090.

■ In addition, the ALJ fulfilled her duty to fully and fairly develop record. *See Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983) (per curiam). The fact that, as of October 2000, the Social Security Administration ("SSA") had destroyed the medical records that Bodnarchuk submitted in connection with a 1972 claim for disability benefits does not relieve him of the burden of producing sufficient medical evidence to prove his disability under 20 C.F.R. § 404.1512(a) (2002). Moreover, we reject Bodnarchuk's contention, raised for the first time in his reply brief, that the SSA acted in bad faith and deprived him of due process by destroying the records.

■ Bodnarchuk further contends that the ALJ improperly rejected the opinion of his treating physician, Dr. Ginsberg. We disagree. "The ALJ may reject the [treating physician's] opinion only if she provides clear and convincing reasons that are supported by the record as a whole." *Johnson,* 60 F.3d at 1432. The ALJ did not err by rejecting Dr. Ginsberg's opinion that Bodnarchuk became disabled prior to March 31, 1981, because it was "conclusory and unsubstantiated by relevant medical documentation." *See id.* Further, his opinion conflicted with other evidence in the record regarding strenuous activities in which Bodnarchuk engaged after 1981, including camping, horseback riding, weightlifting, and low-impact aero-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bics. *See id.* at 1434.[1] Moreover, Dr. Ginsberg rendered his opinion in October 2000, nearly twenty years after Bodnarchuk's insured status expired, and after an adverse decision on his application for disability benefits. *See Weetman v.. Sullivan,* 877 F.2d 20, 23 (9th Cir.1989) (doctor's opinion is less persuasive when it is obtained only after an adverse determination on claimant's application for benefits).[2]

Finally, we find no merit in Bodnarchuk's contentions that (1) he is entitled to a 1998 deemed filing date, and (2) the ALJ improperly limited cross-examination of Dr. Frank.

AFFIRMED.

---

1. Because Dr. Ginsberg's opinion was neither supported by clinical findings nor consistent with other evidence in the record, Social Security Ruling 96–2p does not require that his opinion receive controlling weight.

2. Similarly, the ALJ did not err by rejecting the opinion of Dr. Crandall, a cardiologist who began treating Bodnarchuk for heart problems in 1994 and admitted that she had no knowledge of his condition prior to 1981.

