**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANTONIO L. SPORTSMAN, | No. 13-36063 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01616-JLR |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 11, 2015**
Seattle, Washington

Before: HAWKINS and TALLMAN, Circuit Judges and LEFKOW,*** Senior
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Joan Humphrey Lefkow, Senior United States District Judge for
the Northern District of Illinois, sitting by designation.

Antonio Sportsman appeals the district court's judgment affirming the Commissioner of Social Security's final decision to deny his application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. In addition, in light of Sportsman's request that the excerpts of record be sealed, our disposition omits facts that might qualify for sealing and focuses on the legal analysis. The court reviews de novo a district court's order affirming an Administrative Law Judge's ("ALJ") denial of Social Security benefits. *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). The court may set aside the ALJ's decision to deny benefits "only if it is not supported by substantial evidence or is based on legal error." *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The ALJ applies a five-step sequential analysis to determine whether an applicant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step four, the ALJ found that there was substantial evidence supporting residual functional capacity.

At step five, the ALJ found that although Sportsman cannot perform his past relevant work, he is not disabled because there are jobs that Sportsman can perform that exist in significant numbers in the national economy. Sportsman argues that the ALJ erred by (1) improperly evaluating his medical evidence, credibility, and lay-witness evidence when determining the physical and mental limitations for his RFC; (2) relying on vocational expert testimony that is based on a hypothetical that does not include all of his limitations; and (3) failing to remand in light of new evidence submitted to the Appeals Council.

### 1. Medical Evidence

Sportsman first argues that the ALJ erred in evaluating his RFC by giving only minimal evidentiary weight to the opinions of his treating physicians. An ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if he provides "specific and legitimate" reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ throughly summarized the facts and conflicting evidence regarding Sportsman's physical limitations, including an extensive review of the medical opinions of Sportsman's treating physicians, stated his interpretation of the facts and conflicting evidence, and made findings accordingly. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). We find that the

ALJ did not err in assigning substantial weight to the state agency medical consultant, whose opinion relied on and was consistent with the medical evidence of record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that the opinion of a non-examining medical source "may constitute substantial evidence when it is consistent with other independent evidence in the record").

Sportsman also contends that the ALJ erred in citing to one treating physician's March 2007 opinion because the treating physician's opinion does not account for the period between 2008 and 2011. Further, Sportsman argues that the ALJ erred in according the assessment of state agency doctors substantial weight because they did not review evidence beyond May 2010. The ALJ, however, reviewed Sportsman's entire medical history from 2006 to 2011 and came to a rational conclusion regarding Sportsman's limitations. Moreover, the ALJ noted that his physical RFC assessment was more restrictive than the one stated in the treating physician's medical opinion.

With respect to Sportsman's mental RFC, the ALJ assigned his treating psychologist's opinion limited weight because he found that the treating psychologist's conclusion was "inconsistent with his examination findings and the claimant's other abilities." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Moreover, the ALJ noted inconsistency betwen the global assessment of

4

functioning ("GAF") score determined by Sportsman's treating psychologist in February 2010 and the GAF score determined by Sportsman's mental-health counselor in August 2010. Finding that the state agency non-examining physicians' assessments were consistent with the medical evidence as a whole, the ALJ assigned the state agency non-examining physicians' opinions greater weight. That the state agency psychological consultants did not review mental health findings beyond March 2010 through March 2011 is not an error. It is evident that the ALJ reviewed the entire record and concluded, as we do, that the later records are consistent with the medical evidence as a whole.

Since the ALJ provided specific and legitimate reasons supported by substantial record evidence for assigning limited weight to the treating psychologist's opinion, the ALJ did not err in assigning greater weight to the state agency non-examining, non-treating psychological consultants. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (upholding ALJ's decision to reject examining psychologist's functional assessment that conflicted with his own written report and test results). Moreover, it is not clear that had the treating psychologist's opinion been accepted in full, a finding of disability would necessarily follow.

**2.     Sportsman's Credibility**

Sportsman also challenges the ALJ's adverse credibility finding. When, as in this case, a claimant presents objective medical evidence of an underlying impairment and there is no evidence of malingering, the ALJ may reject the claimant's testimony about the severity of his symptoms only by offering specific, clear, and convincing reasons for doing so. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). In evaluating a claimant's testimony, the ALJ uses ordinary techniques of credibility evaluation, such as inconsistencies in the claimant's testimony or between the testimony and the claimant's conduct, and whether the claimant engages in daily activities inconsistent with the alleged symptoms. *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

The ALJ presented specific, clear, and convincing reasons for rejecting Sportsman's testimony regarding the severity of his symptoms. The ALJ pointed out inconsistencies in Sportsman's testimony, daily activities, and found that the severity of Sportsman's symptoms was unsupported by objective medical evidence. *See Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Because the ALJ considered the claimant's testimony to be inconsistent with his conduct, daily activities, and the medical evidence, the ALJ did not err in discounting Sportsman's credibility.

6

### 3. Lay-Witness Testimony

Sportsman also contends that the ALJ erred in affording Sportsman's wife's lay-witness testimony little weight. "An ALJ need only give germane reasons for discrediting the testimony of lay witnesses." *Bayliss*, 427 F.3d at 1218. Here, the ALJ provided two germane reasons: the testimony lacked specificity and was not supported by the medical record. *See id.* (holding that "[i]nconsistency with medical evidence is [a germane] reason" for rejecting lay testimony). Therefore, the ALJ properly discredited the lay-witness testimony.

### 4. Vocational Expert Testimony

Sportsman also contends that the ALJ erred by relying on vocational-expert testimony based on a hypothetical that does not include all of Sportsman's limitations. The ALJ is entitled to rely on a vocational expert's testimony if "[t]he hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Id.* at 1217. The hypothetical presented in this case included all limitations supported by the record. Thus, the vocational expert's response was properly used as evidence to support the finding that Sportsman is not disabled.

### 5. Remand

Lastly, Sportsman contends that the Commissioner erred in failing to remand the case to the ALJ after he submitted to the Appeals Council a letter from his wife describing in greater detail his physical and mental limitations. Despite the letter submitted to the Appeals Council, the ALJ's decision was supported by substantial evidence. As discussed *supra*, the ALJ cited evidence throughout the record that suggested Sportsman was less limited than his wife claimed in her letter.

Because the ALJ's evaluation contained substantial evidence for rejecting the information in the letter, which was also less persuasive because it was filed after the denial of Sportsman's disability benefits, remand is unwarranted. *See Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989).

**AFFIRMED**.