Kenneth H. MATOBA, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART,* Commissioner of the Social Security Administration, Defendant–Appellee.

No. 00–16478.

D.C. No. CV–99–00890–CAL.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002 **.

Decided Jan. 23, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See*

MEMORANDUM ***

Kenneth H. Matoba appeals the judgment of the district court affirming the decision of the Commissioner of the Social Security Administration to deny his application for disability benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order and we uphold the Commissioner's decision if it is supported by substantial evidence and is free of legal error. *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999). We affirm.

The administrative law judge ("ALJ") erred in not specifically addressing the opinions of Matoba's treating physicians. *See Andrews v. Shalala,* 53 F.3d 1035, 1040–41 (9th Cir.1995). However, only one unsigned and unsupported medical record, which is entitled to little if any weight, opined that Matoba was permanently disabled. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3); *Holohan v. Massanari,* 246 F.3d 1195, 1203 n. 2 (9th Cir.2001). All the other medical records from Matoba's treating physicians were consistent with the opinions of the consulting physicians. Thus, the error was harmless. *Cf. Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir.1984).

In addition, the ALJ made specific findings sufficient to discredit Matoba's claims of excessive pain, including that Matoba admitted lying in support of his previous successful application for disability benefits. *See Fair v. Bowen,* 885 F.2d 597, 603–04 (9th Cir.1989). Similarly, the ALJ's determination that Matoba had the residual functional capacity to engage in light work, and his prior relevant work as

Fed. R.App. P. 34(a)(2). Accordingly, Matoba's request for oral argument is denied.

an assistant truck driver and yard boss, is supported by substantial evidence. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir.1991).

Matoba has not presented any evidence that the ALJ failed to fully and fairly develop the hearing record, *see Key v. Heckler*, 754 F.2d 1545, 1550–51 (9th Cir. 1985), or that the ALJ's hypothetical question to the vocational expert was inadequate, *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.2001).

AFFIRMED.

AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.