Jack K. GARDNER, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART, Commis-
sioner of Social Security, De-
fendant–Appellee.

No. 02–35251.
D.C. No. CV–01–00101–MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided June 20, 2003.

Before LAY,* GOODWIN, and GOULD,
Circuit Judges.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,

## MEMORANDUM**

Jack K. Gardner filed an application for Title II Social Security disability benefits in 1997. An Administrative Law Judge (ALJ) held a hearing on the application in February 2000. Gardner was not represented by counsel at the hearing, but a medical expert, vocational expert, and a lay witness all gave testimony. The ALJ denied Gardner's application on May 1, 2000, and Gardner sought judicial review in United States District Court. The district court entered judgment on February 8, 2002, affirming the Commissioner's decision that Gardner was not entitled to disability benefits. Gardner appeals.

Currently fifty years old, Gardner alleges he became unable to work due to disabling conditions on June 26, 1997. Gardner has a post-graduate college education and past relevant work experience as an environmental hydrogeologist. He claims he suffered a mental breakdown on his last day of employment, which resulted in a sudden and total disability. In addition to his mental breakdown, Gardner has testified to several physical problems which affect his ability to work. These include: hepatitis C, chronic fatigue (related to his hepatitis), colitis, and diverticulitis.

The ALJ found that Gardner had severe impairments of: hepatitis C; personality disorder with depression; and degenerative disc disease of the cervical and lumbar spines. The ALJ also determined that Gardner was not a credible witness as to his subjective complaints because, *inter alia,* he did not have additional treatment for his liver disease, he had moved several times, he spoke well at his hearing without counsel, and he presented himself as disabled at many of his appointments. The

ALJ held that Gardner was able to do a full range of light work with limitations of no intense interpersonal relationships and only routine, repetitive tasks.

This court may set aside a denial of Social Security disability insurance benefits if the Commissioner's findings are based on legal error or are not supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). *See also Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002).

### A. Application of the Listings

■ Gardner alleges that the Commissioner did not properly perform the equivalency analysis in applying the combination of his impairments to the Social Security Listings. An ALJ is required to take into account the combined effect of a claimant's physical and mental impairments when determining if the combination meets a Listing. *Lester v. Chater,* 81 F.3d 821, 829 (9th Cir.1995) In doing this, the ALJ is required to adequately explain the evaluation of alternative tests and the combined effects of the impairments alleged to equal a Listing. *See Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir.1990). The ALJ is not required to state why a claimant fails to satisfy every section of the Listings, as long as the ALJ adequately summarizes and evaluates the evidence. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200–01 (9th Cir.1990). To that end, the regulations only require the ALJ to "review the symptoms, signs, and laboratory findings . . . ." 20 C.F.R. § 404.1526. The ALJ's summary of the evidence in this case was thorough; and the summary of the medical evidence, both as to Gardner's physical and mental impairments, was extensive. The ALJ

sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

therefore properly considered the combination of Gardner's impairments when evaluating the application of the Listings.

### B. Analysis of the Medical Evidence

■ The ALJ's findings must be based on substantial evidence supported by the record as a whole. *Reddick v. Chater,* 157 F.3d 715, 724 (9th Cir.1998). To meet the standard, the ALJ need not discuss all of the evidence presented but must only explain why he rejected "significant probative evidence." *Vincent ex rel. Vincent v. Heckler,* 739 F.2d 1393, 1394–95 (9th Cir. 1984).

Gardner alleges that the ALJ failed to consider the opinions of four of his medical practitioners, three of whom he alleges are treating doctors.[1] An ALJ must typically give specific and legitimate legal reasons for rejecting the opinions of a treating physician. If such medical opinions were not credited or properly rejected, this court must credit the evidence as a matter of law. *Lester,* 81 F.3d at 834. However, the record in this case shows that even if we credit this evidence as a matter of law, none of the opinions given by these treating physicians directly contradicts the findings of the ALJ. Even if credited, there is still substantial evidence to support the Commissioner's decision to deny benefits.

As for the opinion of the non-treating physician, Dr. Shonkoff, the ALJ is only required to provide reasons for rejecting evidence of probative value. *See Vincent,* 739 F.2d at 1394–95. Here, Dr. Shonkoff's evaluation could be argued as having limited value. Dr. Shonkoff only saw Gardner on one occasion and he evaluated him as a follow up to the more extensive examination of another doctor, Dr. Whyman. His conclusions, in fact, seem to echo that of Dr. Whyman. Furthermore, a review of the ALJ's opinion and the reports of Drs. Whyman and Shonkoff shows that the ALJ did take Dr. Shonkoff's report into consideration but mistakenly attributed it to Dr. Whyman. Gardner's argument is, therefore, misplaced.

Gardner also asserts that the ALJ took medical reports out of context and relied on them as such in making his decisions. The ALJ weighed all of the evidence he credited. The medical evidence in this case is extensive and could be interpreted in various ways. The ALJ interpreted it in a reasonable manner. When the evidence presented could support either affirming or reversing the Commissioner's conclusions, this court cannot substitute its own judgment for that of the Commissioner. *See Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir.1999). Here, despite any allegation of evidence taken out of context, the ALJ's conclusions are supported by substantial evidence. The ALJ supported his evaluation with articulated analysis of the evidence and citation to specific substantial evidence in the record. He cited specific reports for his conclusions and gave sufficient legitimate reasons for rejecting others. This is all that he is required to do.

### C. Credibility of Gardner's Testimony

■ Gardner alleges that the ALJ did not provide sufficient reasons for rejecting his subjective testimony. The ALJ found significant evidence of malingering. An ALJ is only required to provide clear and convincing reasons for rejecting the claimant's testimony when there is *no evidence* of malingering. *Smolen v. Chater,* 80 F.3d 1273, 1283–84 (9th Cir.1996). The ALJ, in this case, found evidence of malingering, and Gardner does not contest that finding. As such, the ALJ was not required to give clear and convincing reasons for rejection.

---

1. In total, Gardner saw over twenty medical practitioners.

Nevertheless, the ALJ's reasons for rejection were clearly stated, were convincing, and were supported by substantial evidence. The ALJ wrote three pages in his decision as to why he did not find Gardner credible. He noted that Gardner's activities of daily living were inconsistent with his allegations of total disability. He opined that Gardner's life activities went beyond an attempt to lead a normal life and were inconsistent with his subjective allegations. Although a claimant should not be punished for trying to lead a normal life, if the level of activity is inconsistent with a claimant's alleged limitations, this has bearing on the claimant's credibility. That is the case here.

At the very least, the ALJ's reasons were "specific and cogent." This is the standard Gardner contends the ALJ should have met in providing reasons for disbelieving his symptoms. Gardner alleges the ALJ gave *no* reasons for not believing the effects of his fatigue, his neck/back pain and headaches, and the impact of the symptoms of his mental illness. However, we believe that the ALJ's stated reasons covered the entirety of Gardner's subjective testimony.

### D. The Vocational Hypothetical

Considering that the ALJ gave sufficient reasons for rejecting Gardner's testimony, his hypothetical to the vocational expert and his Residual Functional Capacity (RFC) assessment did not need to take Gardner's subjective complaints into consideration. The hypothetical accounted for both Gardner's physical and mental limitations. Even though the RFC does not make a specific finding of fatigue as a physical limitation. Gardner's general fatigue may be attributed to his physical symptoms, which were taken into account. As such, the fatigue need not be specifically incorporated into the hypothetical; and

the hypothetical was sufficient to demonstrate all of Gardner's limitations and restrictions.

AFFIRMED.