**Karen O. LEAKS, Plaintiff—Appellant,**

**v.**

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant— Appellee.**

**No. 05–16249.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007 \*\*.

Filed June 26, 2007.

Brewer & Mitchell, LLP, Sacramento, CA, for Plaintiff–Appellant.

USSAC—Office of the U.S. Attorney, Sacramento, CA, Sharon Sands, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM \*\*\*

Karen O. Leaks appeals the district court's judgment affirming the Commissioner of Social Security's denial of her applications for disability insurance bene-

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fits and supplemental security income benefits. She contends that the Administrative Law Judge ("ALJ") erred by: (1) rejecting the opinion of her treating physician; (2) failing to credit her testimony as to the extent and nature of her pain and fatigue; and (3) failing to include all of her limitations in the hypothetical posed to the vocational expert. Because the parties are familiar with the facts of this case, we do not separately recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the denial of social security benefits by the Commissioner. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004). We must uphold the Commissioner's denial of benefits if it is supported by substantial evidence and is based on an application of the proper legal standard. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir.2005).

■ First, the ALJ provided clear and convincing reasons, supported by substantial evidence in the record, for discrediting Leaks' treating physician Dr. Jiras' opinion in favor of the conflicting opinions of two examining physicians, Dr. Holmes and Dr. Stock. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.2003). In discrediting Dr. Jiras' opined limitations relating to Leaks' ability to lift/carry, stand/walk, and sit, the ALJ specifically relied on Dr. Holmes' November 2000 report in which he "observ[ed] ... multiple inconsistencies in his examination, [pain] 'out of proportion to simple range of motion requests,' minimal evidence of effusions, soft tissue swelling and instability in the upper and lower extremities and 'repeated episodes of giving way' during strength testing." The ALJ also relied on Dr. Stock's July 2001 rheumatology consultation report, in which Dr. Stock found that Leaks had a "normal range of motion in the upper and lower extremities with minimal swelling." Thus, the ALJ has met the burden for rejecting Dr. Jiras' opined limitations on Leaks' ability to lift/carry, stand/walk, and sit. *See Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir.1989) (finding the ALJ properly discredited the treating physician's conclusion that the claimant was disabled because reports by the examining physicians contradicted the treating physician's findings).

■ Second, the ALJ also provided specific, convincing reasons for discrediting Leaks' testimony as to the extent and nature of her pain and fatigue. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ concluded that Leaks' subjective complaints were not fully credible because they were inconsistent with medical evidence and her testimony. The ALJ specifically pointed to Dr. Holmes' observations of multiple inconsistencies in her examination, as well as Dr. Stock's rheumatology report which found a normal range of motion in her upper and lower extremities and minimal swelling. The ALJ also noted that Leaks' activities, such as shopping with her husband, washing dishes, and going to church two to three times a month suggest that she is more functional than she alleges. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir.1999) (finding the ALJ properly discredited claimant's pain testimony on the grounds that it was inconsistent with medical evidence and claimant's own testimony).

Finally, the ALJ was not required to include all of Leaks' subjective complaints in the hypothetical posed to the vocation expert because he did not find her complaints to be credible. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir.1988) (holding that hypothetical questions need not include claimant's subjective impair-

ments if the ALJ makes a specific finding that claimant is not credible).

**AFFIRMED.**

---

* This disposition is not appropriate for publica-     tion and is not precedent except as provided