MEMORANDUM **
The ALJ gave specific, clear, and convincing reasons for his adverse credibility determination, which was supported by substantial evidence in the record. See Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir.2007). Castaneda claimed he had difficulty standing and walking and that he used a cane and a back brace. The ALJ noted, however, that Castaneda was not using an ambulatory device or back brace at the hearing and that no doctor had prescribed the use of a cane. Cf. Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir.1999).
The ALJ was not required to call a medical expert to testify whether Castaneda’s impairment met or equaled Listing 1.04(A) or (C). According to Social Security Ruling (SSR) 96-6p, when the ALJ determines that an individual’s impairment is not equivalent to any listing, the ALJ may satisfy the duty to receive expert opinion evidence into the record by obtaining the signature of a state medical consultant on the appropriate form (Disability Determination and Transmittal Form, SSA-831U5). Here, the ALJ determined that Castaneda’s impairment was not equivalent to any listing because Castaneda did not have an inability to ambulate effectively as defined in the relevant Listing, 20 C.F.R. pt. 404, subpt P, App. 1, § 1.00(B)(2), and did not have a positive straight-leg raising test for purposes of Section 1.04(A) of the Listing, 20 C.F.R. pt. 404, subpt P, App. 1, § 1.04(A). These determinations were supported by substantial evidence. Because the ALJ did not err in concluding that Castaneda’s impairment did not meet or equal Listing 1.04(A) or (C), and because the state’s non-examining medical experts signed the required SSA-831-U5 forms, the ALJ satisfied the requirement under SSR 96-6p.
The ALJ did not err in relying on the assessments of the examining physician, Dr. Cunningham, and on the non-examining state agency physicians, Drs. Hughes and Vivian. Even assuming Dr. Cunningham did not review Castaneda’s October 2003 MRI, the ALJ did not err in considering Dr. Cunningham’s report. Dr. Cunningham’s assessment rested on his own independent examination of Castaneda and was consistent with the record as a whole. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001).
Moreover, contrary to Castaneda’s argument that the non-examining state agency physicians relied solely on Dr. Cunningham’s examination, the Case Development Sheet (CDS) signed by Dr. Hughes provides an extensive summary of Castaneda’s medical record, including reports from Clinica Adelante, St. Joseph’s Surgery Center, and Dr. Papadopoulos. The CDS also confirms that Dr. Hughes reviewed Castaneda’s October 2003 MRI. ER 137. Dr. Hughes stated that he based his determination that Castaneda’s condition failed at Step Two of the SSA’s five-step process for determining disability, see 20 C.F.R. § 404.1520, on Dr. Papadopoulos’s normal exam, and the CDS provided substantial evidence supporting Dr. Hughes’s determination that Castaneda retained a residual functional capacity (RFC) for medium work. The non-examining *399 state agency physicians’ determination that Castaneda had a medium RFC was consistent with other evidence in the record, and constitutes substantial evidence supporting the ALJ’s conclusion that Castaneda was not disabled. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002).
The ALJ did not err in failing to further develop the record. While “the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant’s interests are considered,” Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983), the duty to develop the record is “triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.” Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir.2001). In this case, the medical record before the ALJ was not ambiguous or conflicting (other than the report by Nurse Ridge, discussed below). Nor was the record inadequate; it included the opinions of a state examining physician and two non-examining physicians. See Tonapetyan, 242 F.3d at 1149.
Finally, contrary to Castaneda’s claim, the ALJ acknowledged Nurse Ridge’s role in Castaneda’s medical treatment. The ALJ did not err, however, in giving her report little weight because a nurse practitioner is not an “acceptable medical source,” see Gomez v. Chater, 74 F.3d 967, 971 (9th Cir.1996), and Ridge’s RFC determination was brief and conclusory. “When evaluating conflicting medical opinions, an ALJ need not accept the opinions of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings.” Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005). Accordingly, the ALJ did not err in giving probative weight to the reports of Drs. Cunningham, Vivian, and Hughes, and rejecting the inconsistent report from Nurse Ridge. See Thomas, 278 F.3d at 957.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.