**Felipe VERDUZCO, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

**No. 97–56727.**

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 1999*

Memorandum Filed May 11, 1999

Order and Opinion Filed Aug. 31, 1999

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Stephanie M. Simpson, Northridge, California, for the plaintiff-appellant.

Barbara M. Rizzo, Assistant Regional Counsel, Social Security Administration, San Francisco, California, for the defendant-appellee.

Before: DIARMUID F. O'SCANNLAIN and A. WALLACE TASHIMA, Circuit Judges, and EDWARD C. REED, JR., District Judge.**

## ORDER

The memorandum disposition filed May 11, 1999, is redesignated as an authored opinion by Judge Reed.

## OPINION

REED, District Judge:

Felipe Verduzco appeals from the district court's judgment affirming the Commissioner's denial of his application for supplemental security income disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■■■ The district court's order affirming the Commissioner's denial of benefits is reviewed de novo. *Morgan v. Commissioner of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999). "Our review of the Commissioner's decision is 'essentially the same as that undertaken by the district court.'" *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.1998) (quoting *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir.1985)). The Commissioner's decision to deny benefits will be set aside only if it is based on legal error or is not supported by substantial evidence. *Morgan*, 169 F.3d at 599.

■■■ To determine whether the Commissioner's decision is supported by substantial evidence, "we must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998). Where the evidence may reasonably support more than one interpretation, we may not substitute our judgment for that of the Commissioner. *Id.* at 720–21. Having re-

viewed the full administrative record in the instant case, it is clear that the Commissioner's decision is supported by substantial evidence. None of the appellant's treating or examining physicians ever indicated that the appellant was disabled. Although the appellant clearly does suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are "severe."

■■■ Verduzco argues that the ALJ displayed impermissible bias. Nothing in the record supports this contention. Although the ALJ's decision indicates that the ALJ found it hard to believe that Verduzco did not speak more than a little English, having been in the United States for thirty years, the ALJ did not base his decision on this fact. Nothing in the record indicates that the ALJ harbored any prejudice or bias against non-English speakers, Spanish speakers in particular, or even against people who come to the United States and fail to learn English. Verduzco was provided with an interpreter at his hearing, and the transcript of the hearing does not reveal anything to indicate that the ALJ treated Verduzco any differently because he testified through an interpreter. The ALJ's incredulity in the face of the appellant's claim not to speak English just reflects the ALJ's finding that the appellant's testimony in general was less than entirely truthful. ALJs and other similar quasi-judicial administrative officers are presumed to be unbiased. *Schweiker v. McClure*, 456 U.S. 188, 195, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982). "This presumption can be rebutted by a showing of conflict of interest or some other specific reason for disqualification." *Id.* The burden of making such a showing rests with the party asserting bias. *Id.* at 196, 102 S.Ct. 1665. Since Verduzco has failed to present any evidence that the ALJ was

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

biased, he has obviously failed to meet this burden.

 Verduzco also argues that the ALJ improperly disregarded his testimony of excess pain and fatigue. "If a claimant produces objective medical evidence that he suffers from an ailment that could cause pain, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.1997) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996)). Here, the ALJ did offer clear and convincing reasons for rejecting Verduzco's testimony. The ALJ pointed out several areas in which the appellant's testimony or behavior was inconsistent with his own statements or actions, as well as with the medical evidence. He noted that Verduzco's testimony and various statements regarding his drinking were not consistent. Further, the ALJ noted that the appellant had walked slowly and used a cane at the hearing, although none of his doctors had ever indicated that he used or needed to use an assistive device in order to walk. In fact, two doctors had specifically noted that the appellant did not need such a device. The ALJ also noted that the appellant, when asked for his driver's license at the hearing, "stood up swiftly and took out his wallet from his rear pocket without effort and without apparent discomfort," despite his apparent difficulty in walking. Thus the ALJ discounted the appellant's testimony because he found it to be unbelievable in general, not because the extent and severity of the appellant's pain or fatigue was unsupported by medical evidence. *See id.*

 In addition, Verduzco argues that the ALJ improperly relied on observations of Verduzco made at the hearing. This argument is without merit. Although this Court has disapproved of so-called "sit and squirm" jurisprudence, *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir.1985), the "inclusion of the ALJ's personal observations does not render the decision improper." *Morgan*, 169 F.3d at 600 (citations omitted). The ALJ did not comment on the fact that Verduzco failed to manifest external symptoms of his alleged pain at the hearing, but rather on the fact that Verduzco *did* exhibit symptoms-symptoms that were inconsistent both with the medical evidence and with other behavior Verduzco exhibited at the hearing. Thus the ALJ's reliance on his observations of Verduzco at the hearing was proper. *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 n. 8 (9th Cir.1989).

 Finally, Verduzco argues that his impairments, either singly or in combination, meet or equal a listed impairment. However, we do not need to address this argument. The ALJ found that Verduzco's impairments were not severe, and so never reached the question of whether those impairments equaled a listed impairment. Since we find that there was substantial evidence to support the ALJ's finding that Verduzco's impairments were not severe, we do not reach the question of whether those impairments equaled a listed impairment either. *See* 20 C.F.R. § 404.1520(c).

AFFIRMED.