**William GROEPLER, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 00–35926.

D.C. No. CV–00–06033–HJF.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 \*\*.

Decided Nov. 13, 2001.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

William Groepler appeals the judgment of the district court affirming the decision of the Commissioner of the Social Security Administration to deny his application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order, and we

---

\* Larry G. Massanari is substituted for his predecessor as Acting Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

uphold the Commissioner's decision if it is supported by substantial evidence and is free of legal error. *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir.1999). We affirm.

Based on the medical evidence, the administrative law judge ("ALJ") correctly found that Groepler's mental impairment was not severe during the period between his alleged onset date, April 15, 1989, and his date last insured, December 31, 1994. *See* 20 C.F.R. § 404.1521. Because Groepler's mental impairment was not severe, the ALJ was not obligated to seek the assistance of a medical advisor to establish an onset date. *See* Social Security Ruling 83–20, 1983 WL 31249, at *3.

The ALJ erred in disregarding the records from Mira Boone, a licensed clinical social worker, who held weekly therapy sessions with Groepler from approximately August 1994 through February 1996. *Cf. Crane v. Shalala,* 76 F.3d 251, 254 (9th Cir.1996). However, because the medical records from acceptable medical sources support the ALJ's conclusion that Groepler did not suffer from a severe mental impairment during the relevant period, the ALJ's error was harmless. *See Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir.1984).

AFFIRMED.