Antonio MEJIAS, Plaintiff–Appellant,

v.

Larry G. MASSANARI, Acting Commissioner of the Social Security Administration,* Defendant–Appellee.

No. 00–56027.

D.C. No. CV–99–5503–VAP(RZ).

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.**

Decided Nov. 14, 2001.

---

* Larry G. Massanari, Acting Commissioner of Social Security, is substituted for his predecessor in office pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM ***

Antonio Mejias appeals the district court's summary judgment affirming the Commissioner of Social Security ("Commissioner") in his denial of Mejias' application for social security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order upholding the Commissioner's denial. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.1998). We must uphold the Commissioner's decision if it is supported by substantial evidence and if it is free from legal error. *Id.* We affirm.

Because Mejias could engage in other types of substantial gainful work that exists in the national economy, substantial evidence supports the ALJ's finding that Mejias was not disabled under the Social Security Act. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir.1996).

Mejias' contention that the Administrative Law Judge ("ALJ") improperly disregarded some testimony and did not attach enough weight to other testimony is without merit. Because all of the examining doctors provided conclusions similar to the ALJ's finding that Mejias could perform light work, and because Dr. De Silva's past relevant work finding was consistent with the ALJ's decision, the ALJ's decision is supported by substantial evidence. *See*

---

*Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999).

Mejias' contention that the ALJ was biased lacks merit because he failed to show a conflict of interest or some other specific reason for disqualification that would overcome the presumption that ALJs are unbiased. *See Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir.1999).

Because the ALJ provided specific reasons to support his adverse credibility finding, substantial evidence supports the ALJ's disbelief of Mejias' subjective complaints of disability. *Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1464 (9th Cir.1995).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the