Jade Lee BOYER, Plaintiff—Appellant,

v.

COMMISSIONER OF SOCIAL SE-
CURITY ADMINISTRATION,
Defendant—Appellee.

No. 02–15713.

D.C. No. CV–00–02042–PAN.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and
GOULD, Circuit Judges.

MEMORANDUM ***

Jade Lee Boyer appeals pro se the judg-
ment of the district court affirming the
decision of the Commissioner of the Social
Security Administration to deny his appli-
cation for Supplemental Security Income
("SSI") disability benefits. We have juris-
diction pursuant to 28 U.S.C. § 1291. We
review de novo the district court's order
and we uphold the Commissioner's deci-
sion if it is supported by substantial evi-
dence and is free of legal error. *Verduzco
v. Apfel*, 188 F.3d 1087, 1089 (9th Cir.
1999). We affirm.

Substantial medical evidence supports
the administrative law judge's ("ALJ")
findings that Boyer's physical impairment
did not result in a marked and severe
functional limitation, *see* 42 U.S.C.
§ 1382c(a)(3)(C)(i), and that his physical
impairment did not meet or equal any
condition described in the Listing of Im-
pairments, *see* 20 C.F.R. § 416.926. Con-
trary to Boyer's contention on appeal, the
ALJ properly concluded that the opinion of
Dr. Gach, Boyer's family physician, was
not supported by the medical evidence be-
cause Boyer's other treating and examin-
ing physicians unanimously opined that he
did not suffer from neurological damage or
a compromised range of motion. *See* 20
C.F.R. § 416.927(d)(3); *Meanel v. Apfel*,
172 F.3d 1111, 1113–14 (9th Cir.1999).

The ALJ did not have a duty to develop
evidence of Boyer's mental impairment be-
cause there was no evidence of such an
impairment in the record. *See Mayes v.
Massanari*, 276 F.3d 453, 459–60 (9th Cir.
2001). The Appeals Council properly de-
clined to consider new evidence of Boyer's
mental impairment because such evidence
did not relate to the period encompassed
by the ALJ's decision. *See* 20 C.F.R.
§ 416.1470(b). The approval of Boyer's
subsequent SSI application does not sup-
port reversal or remand of the ALJ's deni-
al of the instant application because the
two applications concern different time pe-
riods and different medical evidence. *See
Bruton v. Massanari*, 268 F.3d 824, 827
(9th Cir.2001).

Boyer's remaining contentions also are
unpersuasive.

AFFIRMED.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2). Accordingly, we
deny Boyer's request for oral argument.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.