Errol **BEVANS**, Plaintiff—Appellant,

v.

Jo Anne B. **BARNHART**, Commissioner, Commissioner of Social Security Administration, Defendant—Appellee.

No. 02–55573.

D.C. No. CV–00–08928–(Mc).

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Decided March 17, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Appeal from the United States District Court for the Central District of California, James W. McMahon, Magistrate, Presiding.

Before PREGERSON, THOMAS, Circuit Judges and OBERDORFER,** District Judge.

### MEMORANDUM ***

Errol Bevans appeals from the judgment of the district court affirming the Commissioner's determination that he is not disabled under the Social Security Act,

---

** The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

42 U.S.C. § 401 *et seq.* We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

### I

We review a district court's order upholding the Commissioner's denial of benefits de novo. *See Moore v. Comm'r of the Soc. Sec. Admin.,* 278 F.3d 920, 924 (9th Cir.2002). The Commissioner's findings are conclusive and the decision to deny benefits will only be overturned if it is not supported by substantial evidence or is based on legal error. *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992). "Substantial evidence means more than a scintilla, but less than a preponderance." *Smolen v. Chater,* 80 F.3d 1273, 1278 (9th Cir.1996) (citations omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the appellate court considers the evidence as a whole, weighing both the evidence that supports and that which detracts from the Commissioner's determination. *Id.* However, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Gallant v. Heckler,* 753 F.2d 1450, 1453 (9th Cir.1984).

### II

■ The treating physician's conclusion that Bevans was "permanently disabled for six months" was controverted, at a minimum, by the reports of the two nonexamining physicians. Therefore, the ALJ's re-

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

jection of that opinion will be upheld if there were "specific and legitimate" reasons for doing so. *See Holohan v. Massanari, Holohan v. Massanari,* 246 F.3d 1195, 1201 (9th Cir.2001). Here, the ALJ rejected Dr. Chang's conclusion because it is unsupported by any findings. This lack of support is a legitimate reason for rejecting the opinion. *See* 20 C.F.R. § 404.1527(d)(3) (less weight given to medical opinion which is unsupported by medical signs or laboratory findings). In addition, there was substantial evidence in the record to refute Dr. Chang's assessment that Bevans was disabled, including Dr. Chang's own statement that Bevans had "excellent exercise tolerance," and his rating of Bevans' condition as New York Heart Association Classification II: patients in that category only suffer from a "slight limitation of physical activity" and are "comfortable at rest."

Contrary to Bevans' assertion, the report of examining physician Dr. Zolnouni does not indicate that Bevans is completely disabled. Although he noted that Bevans had some difficulty with daily activities and some left leg weakness, he observed that Bevans is able to walk without difficulty. This report is consistent with the ALJ's finding that Bevans has an impairment and cannot perform his past relevant work as a meat cutter and home attendant, yet is able to perform light or sedentary work.

■ Although examining physician Dr. Lin did opine that Bevan's is unable to work, the ALJ furnished specific and legitimate reasons, supported by substantial evidence, for rejecting this conclusion. He noted that Dr. Lin's opinion that Bevans has an enlarged liver is not corroborated by any other doctors; Bevans himself testified that he did not suffer any symptoms as a result of this and did not think it sufficiently significant to discuss with his treating physician. Further, Bevans' medical history as a whole reveals an overall improving trend. When he was released from the hospital after his stroke, his discharge summary states that he had full ambulation, was only restricted from heavy lifting, and was expected to be disabled for only three months. His New York Heart Association Classification improved from Class II–III in July 1997, one month after his stroke, to Class I–II by May 1998. A treatment update submitted after the hearing indicates that as of January 1999 he was "doing well" and able to walk one mile without stopping.

Contrary to Bevans' assertion there were not one, but two, consulting physicians who determined that Bevans was not disabled. Reports of a nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). These assessments are consistent with the improving trend in Bevans' health noted above. In short, the ALJ's determination that Bevans has the residual functional capacity to perform light work is supported by substantial evidence.

### III

■ The ALJ provided clear and convincing reasons for rejecting Bevans' testimony concerning his symptoms and limitations. Not only did Bevans deny a history of drug abuse to physicians, upon hospitalization for his stroke he denied any drug use when questioned by three different physicians. In fact, a toxicology report indicated that Bevans had been on cocaine and marijuana the evening of his stroke. Yet Bevans testified that he had never denied drug use to any physicians. This kind of inconsistency and dissembling is a

permissible basis for discounting his credibility. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789 (9th Cir.1997) (inconsistencies in testimony and inconsistencies between testimony and conduct may be considered in weighing a claimant's credibility; "[a]n ALJ's finding that a claimant generally lacked credibility is a permissible basis to reject excess pain testimony"); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) ("We see no reason why ordinary techniques of credibility evaluation should not be applied" in SSA disability hearings....[I]f a claimant ... is found to have been less than candid in other aspects of his testimony, that may properly be taken into account in determining whether his claim of disabling pain should be believed."); *see also Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir.2002) (claimant's inconsistent statements regarding her drug use supported the ALJ's finding that "this lack of candor carries over to her description of physical pain"); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir.1999) (ALJ properly relied on inconsistent statements about alcohol abuse as a basis for rejecting claimant's testimony).

Further, Bevans' testimony that his health has not improved with the passage of time and that fatigue makes it difficult for him to walk a mile every day, as the doctors ordered, is belied by the record. The record contains substantial evidence that his health has improved since the stroke, and is replete with indications that he can walk without difficulty and does so regularly. Dr. Chang determined that Bevans had "excellent exercise tolerance" and Dr. Zounouni noted that he could walk about a mile a day before encountering shortness of breath. Dr. Lin noted that Bevans walked one mile per day. In explaining upon what findings he based his conclusion concerning Bevans' residual functional capacity, Dr. Charoenath noted that Bevans was able to walk a mile per day for exercise. Similarly, Dr. Grossman based his assessment of Bevans' residual functional capacity on the facts that he "moves about well" and was "able to walk one mile daily." In January 1999, the treating hospital reported that he was "able to walk one mile without stopping," that he was "doing well," and that he should "continue his current regimen." Thus, substantial evidence indicates that Bevans' self-reporting of his limitations lacks credibility. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (conflict between claimant's testimony and daily activities sufficient grounds to reject claimant's credibility concerning subjective symptoms).

AFFIRMED.