Jerry FERNANDEZ, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART, Commis-
sioner of Social Security, De-
fendant–Appellee.

No. 02–35371.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided June 18, 2003.

Before: LAY,* GOODWIN, and
GOULD, Circuit Judges.

MEMORANDUM **

Jerry Fernandez appeals from an Order
and Judgment of the United States Dis-
trict Court affirming the final decision of
the Commissioner of Social Security deny-
ing his claim for Social Security Disability
Benefits. Fernandez applied for disability
insurance benefits in December 1997, al-
leging disability since 1992 due to post
traumatic stress disorder (PTSD), depres-
sion, and an anger problem. After denial
of his application, Fernandez requested an

---

* The Honorable Donald P. Lay, Senior United
States Circuit Judge for the Eighth Circuit,
sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

administrative hearing. Administrative Law Judge Charles S. Evans affirmed the decision that Fernandez was not disabled. The Appeals Council denied review and Fernandez sought judicial review in the United States District Court. The district court adopted the Report and Recommendation of Magistrate Judge John L. Weinberg and affirmed the Commissioner's decision on March 4, 2002. Fernandez timely appeals, claiming that the ALJ improperly discounted portions of the evidence.

We review a district court's order affirming denial of benefits *de novo* and may only disturb the Commissioner's decision if it was based on legal error or was not supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *see also Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). If the evidence can reasonably support either affirming or reversing the Commissioner, this court cannot substitute its judgment for that of the Commissioner. *See Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir.1999).

■ Fernandez first alleges that his mental health counselor, Patricia L. Chandler, M.A., should have been given treating physician status. As a therapist without a doctorate, Ms. Chandler does not meet the regulations' requirements for an "acceptable medical source." *See* 20 C.F.R. § 404.1513 (2002). The regulation does allow, however, for the testimony of an "other source" as evidence of the severity of a claimant's impairment. *See* 20 C.F.R. § 404.1513(d) (2002). The regulations' listing of those qualified as an "other source" includes, inter alia, therapists, social welfare personnel, clergy, and family members. Under this circuit's precedent, an ALJ must either consider the testimony of such a lay witness or provide germane

reasons for not crediting the testimony. *See Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.") (citation omitted); *see also Dodrill v. Shalala,* 12 F.3d 915, 918–19 (9th Cir.1993). Ms. Chandler qualifies as an "other source" witness.

■ The ALJ's written decision does not expressly disregard or credit Ms. Chandler's opinion. The ALJ does note in his description of the evidence that Fernandez missed several of his appointments with Ms. Chandler, which made it difficult for her to evaluate his capacity for work. However, the ALJ never indicated that he used this as a reason for discounting her opinions. Even if the ALJ had decided to discredit Ms. Chandler's evidence, he never expressed this in his opinion. Our case law requires more. *See supra.*

Ms. Chandler opined that Fernandez's maladies were enough to meet Social Security's Listing of Impairments. *See* 20 C.F.R. § 404.1525 (2002); 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1 (2002).[1] The ALJ found that Fernandez did not meet the Listings and was not disabled. If the ALJ had given credit to Ms. Chandler's opinions, this may have pushed the weight of the evidence on this question to favor disability. Likewise, if the ALJ had credited Ms. Chandler's testimony, it may have changed the result reached by the agency's Vocational Expert in evaluating whether Fernandez could successfully work in any job in the national economy. Accordingly, an ALJ must review this case again and

---

1. The Listing of Impairments catalogues those impairments of such severity that they pre- sumptively preclude any gainful work activity.

either consider Ms. Chandler's testimony or give adequate reasons for discounting it.

When considering the record as a whole, it would seem the ALJ should have factored in Ms. Chandler's opinions. If credited, Ms. Chandler's testimony as to the Social Security Listings may have given Fernandez enough to meet his burden in establishing disability. If so, the burden would shift to the Commissioner to show there were jobs available in the national economy which Fernandez could perform. The Vocational Expert testified on cross examination that when Ms. Chandler's observations are added into the vocational hypothetical, a person like Fernandez would have great difficulty holding any employment. It is the job of the Commissioner to determine disability. There may very well be substantial evidence on the record as a whole to support the ALJ's findings even after crediting the opinions of Ms. Chandler. However, we leave this determination, along with the decision regarding Ms. Chandler's testimony, to the Commissioner.

REVERSED and REMANDED for further proceedings.