**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYLVIA GARZA, | No. 09-16065 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01948-JAT |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, United States District Judge, Presiding

Submitted May 13, 2010[**]
San Francisco, California

Before: SILVERMAN, FISHER, and M. SMITH, Circuit Judges.

Sylvia Garza applied for disability insurance benefits under Title II of the

Social Security Act and for supplemental security income under Title XVI. The

Commissioner of Social Security Administration denied Garza's application at step

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

four of the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520(a)–(f), concluding that Garza was capable of performing her past work. The district court affirmed the denial. We have jurisdiction under 28 U.S.C. § 1291. We assume the parties' familiarity with the facts and procedural history of this case and discuss them only as necessary to explain our decision. We affirm.

The district court's decision is reviewed de novo, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), and the Commissioner's decision is reviewed for substantial evidence, *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).

## I.     Subjective Pain Testimony

The ALJ explicitly provided four reasons for rejecting Garza's testimony about the severity of her pain. We do not find three of the four reasons to be clear and convincing. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (stating the "clear and convincing" requirement). Nevertheless, the ALJ also implicitly found that Garza's testimony conflicted with the medical record. Coupled with the lack of objective medical evidence, these contradictions amount to substantial evidence supporting the ALJ's determination, such that any error with regard to the other three reasons was harmless. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

First, the ALJ noted the absence of objective medical evidence supporting Garza's allegations. Indeed, after Dr. Neil McPhee's examination of Garza, he advised that there was nothing preventing Garza from sitting, standing, or walking, as long as she could take hourly breaks for a few minutes. Dr. Bair also stated that he was "somewhat less impressed than the radiologist," that nothing he saw would cause leg pain, and that Garza's gait, as well as her sensory and motor exams, were normal. The ALJ properly considered these normal examination findings, and noted the lack of objective medical evidence supporting Garza's claims. *See Burch*, 400 F.3d at 681.

The ALJ also implicitly found contradictions between Garza's testimony and the medical record. The ALJ found that Garza was able to sit, stand, and walk for six hours in an eight-hour workday, lift and/or carry 10 pounds frequently and 20 pounds occasionally, and occasionally climb stairs and ramps, bend, crouch, crawl, and kneel. These findings are supported by Dr. Bair's and Dr. Neil McPhee's opinions. However, Garza testified that she was unable to bend, squat, crawl, and climb, indicated she had problems walking, and stated that she could not lift more than 10 pounds without hurting herself. Such "[c]ontradiction with the medical record is a sufficient basis for rejecting [Garza's] subjective testimony." *Carmickle*, 533 F.3d at 1161.

The three additional reasons advanced by the ALJ are not clear and convincing. First, Garza never stated that she was unable to walk without the use of an assistive device, but rather only that she experienced pain after walking one block. *Cf. Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (claimant found not credible because he walked slowly and used a cane at the hearing, whereas doctors specifically found use of a cane to be unnecessary). Second, Garza's weight loss would seem to indicate that she was complying with her prescribed course of treatment, thus weighing in favor of her credibility. *See Fair*, 885 F.2d at 603. And third, while a claimant's ability to perform "household chores such as cooking, laundry, washing dishes, and shopping" may support an adverse credibility determination, *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002), there is no evidence indicating that Garza spends a substantial part of the day engaged in transferable activities, *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Notwithstanding these errors, "there remains substantial evidence supporting the ALJ's conclusions on credibility and the error[s] do[] not negate the validity of the ALJ's ultimate credibility conclusion." *Carmickle*, 533 F.3d at 1162 (internal quotation marks omitted).

II. **Treating Physician Opinion**

-4-

In concluding that the objective medical evidence supported a finding that Garza could perform light work with some postural limitations, the ALJ gave significant weight to Dr. Neil McPhee's opinion. The ALJ credited the fact that Dr. McPhee diagnosed Garza with having chronic pain, yet concluded that such pain would not restrict her ability to perform light work. The ALJ also noted that Dr. McPhee found no neurological deficits on examination and cited Dr. McPhee's medical source statement, which placed no restrictions on Garza's ability to stand, walk, or sit. There is no evidence in the record, other than the opinion of Dr. Finley, contradicting those restrictions. However, Dr. Bair's examination is consistent with Dr. Neil McPhee's. In light of Dr. Bair's conclusions, the ALJ's decision to credit Dr. Neil McPhee's opinion is supported by substantial evidence. *See Thomas*, 278 F.3d at 957.

Finally, Garza also argues that the ALJ failed to mention Dr. Neil McPhee's opinion that she would need to alternate sitting and standing at her job. The record shows that this limitation was not relevant to Garza's ability to perform her past work, and thus any error in failing to discuss the limitation was harmless. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).

**AFFIRMED.**