FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 12 2011

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARVIN A. SAUNDERS,

  Plaintiff - Appellant,

 v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

  Defendant - Appellee.

No. 09-17541

D.C. No. 2:08-cv-00595-MHM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Argued and Submitted March 16, 2011
San Francisco, California

Before: PAEZ, BERZON, and BEA, Circuit Judges.

 Marvin A. Saunders ("Saunders") appeals the district court's judgment

affirming the final decision by the Commissioner of Social Security denying

Saunders's application for disability insurance benefits under Title II of the Social

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We review de novo the district court's judgment affirming the administrative law judge's ("ALJ") denial of social security benefits. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). The denial of benefits by an ALJ may be set aside only if it is based on legal error or is not supported by substantial evidence. *Id.* Where the claimant has presented objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, an ALJ's adverse credibility finding must be supported by clear and convincing reasons. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

Saunders contends that the ALJ improperly discredited his pain testimony. We agree. The ALJ failed to provide clear and convincing reasons for discrediting Saunders's pain and symptom testimony. At step 2 of the sequential evaluation process, the ALJ relied on objective medical evidence from Saunders's treating physicians, finding him "severely" impaired. At step 4, the ALJ emphasized the conclusions of Dr. McPhee, a state-agency examining physician, who opined that Saunders was "overly dramatic" and could perform medium work. In light of the substantial evidence from Saunders's treating physicians, the ALJ erred by relying on Dr. McPhee's opinion. *See Orn v. Astrue*, 495 F.3d 625, 632–33 (9th Cir.

2007) (holding that a treating physician's opinion must be given controlling weight if it is well-supported and consistent with other substantial evidence in the record). Saunders's treating physicians diagnosed him with chronic back pain, prescribed morphine, and instructed him to lie down to relieve pain. Dr. Rodriguez specifically counseled Saunders to change jobs, noting that his condition was so severe that he had to quit his job. By contrast, Dr. McPhee examined Saunders on only one occasion and did not review his medical records or MRI results before rendering his opinion. We therefore conclude that the ALJ erred by relying on Dr. McPhee to find that Saunders's pain testimony was not credible.

We also conclude that the ALJ further erred by finding that Saunders's daily activities were inconsistent with his pain and symptom testimony. We have held consistently that, activities such as light household chores, cooking meals, and grocery shopping are activities that do not necessarily translate to the work environment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (holding that grocery shopping, driving a car, and limited walking for exercise are not inconsistent with disability); *Reddick v. Chater*, 157 F.3d 715, 723 n.1 (9th Cir. 1998) (noting that limited cooking, cleaning, and shopping are not indicative of an ability to engage in sustained work activity). The ALJ's assertions about Saunders's daily activities

3

considerably exaggerate the evidence in the record. Saunders's activities were limited. For example, his cooking was limited to making sandwiches or heating up frozen food one to three times per week. Moreover, Saunders testified that his children often assisted him with many of the household chores, and after any activity, he would need to lie down and rest. Accordingly, we conclude that substantial evidence does not support the ALJ's determination to discredit Saunders's pain testimony on the basis of his daily activities.

Finally, the ALJ improperly discredited Saunders's testimony on the basis of his observations at the hearing that Saunders wore a brace and used a cane when "no treating physician had prescribed these assistive devices." This observation provides little, if any, support to discredit Saunders's testimony. *See Orn*, 495 F.3d at 639–40; *see also Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984). Saunders truthfully responded to the ALJ's questions, admitting that the brace and cane helped him to cope with the pain and feel more comfortable. Whether prescribed by a doctor or not, Saunders did suffer from a "serious" impairment, and his use of these devices is not clear and convincing evidence to find him not credible. Moreover, because the ALJ's other reasons for discrediting Saunders were not proper, personal observations of a claimant's function cannot form the sole basis for discrediting his testimony. *Orn*, 495 F.3d at 639–40.

4

Saunders also contends that the ALJ erred in assessing his residual functional capacity ("RFC") at step 4 of the sequential evaluation process. We agree. Because the ALJ improperly relied on the testimony of Dr. McPhee, over the opinions and records of Saunders's treating physicians, and improperly discredited Saunders's testimony, the ALJ's RFC determination is not supported by substantial evidence. We therefore remand for further proceedings consistent with this disposition.

REVERSED AND REMANDED

*Saunders v. Astrue*, 09-17541

BEA, Circuit Judge, dissenting:

The majority substitutes its own credibility determination for that of the administrative law judge ("ALJ"), ignoring the significant deference required of this court. I therefore dissent.

"An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the [ALJ's] reason for rejecting the claimant's testimony must be 'clear and convincing' and supported by specific findings." *Dodrill v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993). To comply with that standard, the ALJ is "required to point to specific facts in the record which demonstrate that [the claimant] is in less pain than [he] claims." *Id.* at 918. "In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony." *Burch*, 400 F.3d at 680. "If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal quotations omitted).

The majority's analysis is the epitome of second-guessing. The ALJ here identified clear and convincing reasons, supported by specific findings, for discounting in part Saunders's pain testimony: (1) the ALJ noted that Dr. McPhee reported Saunders "had an overly dramatic presentation and had a tendency to groan, grimace and grunt out of proportion to the gentle nature off the examination procedures"; (2) the ALJ stated that "[n]o treating physician ha[d] assessed limitations on [Saunders]'s ability to perform work related activities"; (3) the ALJ noted that Saunders was able to perform many daily activities, including caring for his ill fiancée, light household chores, preparing meals, grocery shopping, driving a car, and taking his grandchildren to and from daycare and church; and (4) the ALJ noted that Saunders wore a brace and used a cane at the disability hearing, despite no treating physician ever prescribing these assistive devices. There is no doubt Saunders suffered from a severe back impairment; the question before the ALJ was whether there was pain from such impairment, the nature and amount of any such pain, and whether such pain was debilitating.

The majority contends the ALJ erred in relying on Dr. McPhee's opinion, when Dr. Rodriguez—Saunders's treating physician—had counseled Saunders to change jobs due to the severity of his pain. Notably, however, Dr. Rodriguez did *not* counsel Saunders to *stop* working; even Dr. Rodriguez believed Saunders

2

could perform some degree of work.  Indeed, no physician—treating, examining, or otherwise—concluded that Saunders was incapable of working due to his back condition.  Therefore, Dr. McPhee's conclusion that Saunders's pain was not in fact debilitating was consistent with that of his treating doctor.  As such, this constitutes a "clear and convincing" reason for discrediting in part Saunders's pain testimony.

Next, the majority finds the ALJ erred in concluding that Saunders was exaggerating his pain on the basis of the numerous daily tasks Saunders completed.  "[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain." *Fair*, 885 F.2d at 603.  Saunders cared for his seriously ill fiancée, performed light household chores, prepared meals, shopped for groceries, drove a car, and took his grandchildren to and from daycare and church.  The ALJ was entitled to find that if Saunders could perform these household functions, he could also perform light work functions.  Therefore, this specific finding was "sufficient to discredit [Saunders's] allegation of disabling excess pain." *Id.*

Finally, the majority holds the ALJ erred in basing his credibility

3

determination on "his observations at the hearing that Saunders wore a brace and used a cane" without a physician's prescription. Mem. Dispo. at 4. "[T]he [ALJ] may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements." Soc. Sec. Ruling 96-7p. Despite the majority's disagreement with the ALJ's conclusion, this is a "clear and convincing" reason, supported by a specific finding, for disbelieving the severity of pain alleged by Saunders. It is called "exaggeration." Therefore, it must be upheld. *Dodrill*, 12 F.3d at 917; *see also Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (finding the ALJ offered a clear and convincing reason for discrediting the claimant's pain testimony because the claimant "used a cane at the hearing, although none of his doctors had ever indicated that he used or needed to use an assistive device in order to walk").

Although the majority may have come to a different conclusion if deciding this question in the first instance, the ALJ pointed to clear and convincing reasons, supported by specific findings, for concluding Saunders's pain testimony was not fully credible. Therefore, rather than "second-guessing" the ALJ's determination, *Tommasetti*, 533 F.3d at 1039, I would affirm.

4