BEA, Circuit Judge,
dissenting:
The majority substitutes its own credibility determination for that of the administrative law judge (“ALJ”), ignoring the significant deference required of this court. I therefore dissent.
“An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking....” Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). “If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the [ALJ’s] reason for rejecting the claimant’s testimony must be ‘clear and convincing’ and supported by specific findings.” Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir.1993). To comply with that standard, the ALJ is “required to point to specific facts in the record which demonstrate that [the claimant] is in less pain than [he] claims.” Id. at 918. “In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant’s reputation for truthfulness and inconsistencies in claimant’s testimony.” Burch, 400 F.3d at 680. “If the ALJ’s finding is supported by substantial evidence, the court may not engage in second-guessing.” Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal quotations omitted).
The majority’s analysis is the epitome of second-guessing. The ALJ here identified clear and convincing reasons, supported by specific findings, for discounting in part Saunders’s pain testimony: (1) the ALJ noted that Dr. McPhee reported Saunders “had an overly dramatic presentation and had a tendency to groan, grimace and grunt out of proportion to the gentle nature off the examination procedures”; (2) *535 the ALJ stated that “[n]o treating physician ha[d] assessed limitations on [Saunderses ability to perform work related activities”; (3) the ALJ noted that Saunders was able to perform many daily activities, including caring for his ill fiancee, light household chores, preparing meals, grocery shopping, driving a car, and taking his grandchildren to and from daycare and church; and (4) the ALJ noted that Saunders wore a brace and used a cane at the disability hearing, despite no treating physician ever prescribing these assistive devices. There is no doubt Saunders suffered from a severe back impairment; the question before the ALJ was whether there was pain from such impairment, the nature and amount of any such pain, and whether such pain was debilitating.
The majority contends the ALJ erred in relying on Dr. McPhee’s opinion, when Dr. Rodriguez — Saunders’s treating physician — had counseled Saunders to change jobs due to the severity of his pain. Notably, however, Dr. Rodriguez did not counsel Saunders to stop working; even Dr. Rodriguez believed Saunders could perform some degree of work. Indeed, no physician — treating, examining, or otherwise — concluded that Saunders was incapable of working due to his back condition. Therefore, Dr. McPhee’s conclusion that Saunders’s pain was not in fact debilitating was consistent with that of his treating doctor. As such, this constitutes a “clear and convincing” reason for discrediting in part Saunders’s pain testimony.
Next, the majority finds the ALJ erred in concluding that Saunders was exaggerating his pain on the basis of the numerous daily tasks Saunders completed. “[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.” Fair, 885 F.2d at 603. Saunders cared for his seriously ill fiancée, performed light household chores, prepared meals, shopped for groceries, drove a car, and took his grandchildren to and from daycare and church. The ALJ was entitled to find that if Saunders could perform these household functions, he could also perform light work functions. Therefore, this specific finding was “sufficient to discredit [Saunders’s] allegation of disabling excess pain.” Id.
Finally, the majority holds the ALJ erred in basing his credibility determination on “his observations at the hearing that Saunders wore a brace and used a cane” without a physician’s prescription. Mem. Dispo. at 4. “[T]he [ALJ] may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual’s statements.” Soc. Sec. Ruling 96-7p. Despite the majority’s disagreement with the ALJ’s conclusion, this is a “clear and convincing” reason, supported by a specific finding, for disbelieving the severity of pain alleged by Saunders. It is called “exaggeration.” Therefore, it must be upheld. Dodrill, 12 F.3d at 917; see also Verduzco v. Apfel, 188 F.3d 1087,1090 (9th Cir.1999) (finding the ALJ offered a clear and convincing reason for discrediting the claimant’s pain testimony because the claimant “used a cane at the hearing, although none of his doctors had ever indicated that he used or needed to use an assistive device in order to walk”).
Although the majority may have come to a different conclusion if deciding this question in the first instance, the ALJ pointed to clear and convincing reasons, supported by specific findings, for concluding Saunders’s pain testimony was not fully credible. Therefore, rather than “second- *536 guessing” the ALJ’s determination, Tommasetti, 533 F.3d at 1039, I would affirm.