**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELLE WAKE, | No. 10-35681 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03036-JPH |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Argued and Submitted June 10, 2011
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Claimant-Appellant Michelle Wake appeals the district court's decision

affirming the Commissioner of Social Security's denial of her application for

supplemental security income benefits.

## I.    Claimant's Credibility

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

If there is no evidence of malingering, an Administrative Law Judge (ALJ) may only reject the claimant's testimony about the severity of symptoms if he gives "specific, clear and convincing reasons for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009), *as amended* (citation and internal quotation marks omitted). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints. . . ." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (citation omitted).

The ALJ did not err by considering inconsistent statements about Wake's drinking history when assessing her credibility. *See e.g. Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

An ALJ may also normally rely upon a claimant's noncompliance with treatment to provide clear and convincing evidence for an adverse credibility finding. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). The ALJ, however, failed to "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998) (citations omitted).

We also note that Ms. Wake has been diagnosed with bipolar disorder and depression, and her failure to comply with treatment may represent a symptom of

her illness.  *See Ngyuyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("Appellant may have failed to seek psychiatric treatment for his mental condition, but it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.") (citation and alteration omitted).

Thus, we remand this case to the ALJ to specifically delineate which portions of Wake's complaints and testimony are not credible.  The ALJ should explain how Wake's credibility affected the disability and residual functional capacity (RFC) findings.  The ALJ should also consider what effect Wake's mental impairments have on her efforts to comply with her prescribed treatment regimen.

## II.    Consideration of Medical and Non-Medical Sources

Wake asserts that the ALJ erred by failing to consider the opinions of Christopher Clark, MEd LMHC, a psychologist, and Martha Usatine, a social worker, or in the alternative, not providing any reason for discrediting their opinions.

The ALJ determined that if Wake ceased her substance abuse, she would have the RFC to perform a full range of work at all exertional levels, albeit with only superficial interaction with the public and coworkers.  He relied on the opinions of Dr. Joseph Vickers, who treated Wake on several occasions,

3

psychologist Dr. Jay Toews, who evaluated Wake on one occasion, and Dr. Jerry Gardner, who performed a consultative psychiatric review and a mental residual functional capacity assessment. The ALJ was silent as to the weight he accorded Clark's and Usatine's opinions.

"Where, as here, the record contains conflicting medical evidence, the ALJ is charged with determining credibility and resolving the conflict. . . ." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003) (citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. . . ." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted).

Licensed physicians and psychologists are acceptable medical sources who may establish a medically determinable impairment. *See* 20 C.F.R. § 404.1513(a)(1), (2). The medical opinions of "other sources" may be given less weight than that of an acceptable medical source. *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). Social workers are not "acceptable medical sources" under the regulations. 20 C.F.R. § 404.1513(a), (d). An ALJ may disregard the opinion of a social worker if he "gives reasons germane to each witness for doing so. . . ."

4

*Turner v. Comm'r. of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citation omitted).

The ALJ failed to provide specific, legitimate or germane reasons for disregarding Clark and Usatine's opinions addressing Wake's long-term prognosis. *See Bayliss*, 427 F.3d at 1216; *Turner*, 613 F.3d at 1224. Accordingly, we remand this matter to the ALJ for an express determination of what weight, if any, should be accorded these opinions.

## III.   Challenge to Drs. Toews's and Gardner's opinions

Wake contends that these opinions do not distinguish between her RFC with and without her substance abuse limitations. However, Wake did not challenge these opinions before the district court and, therefore, waived this argument on appeal. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

**VACATED AND REMANDED**.