**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLENDA BROWN,

          Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant - Appellee.

No. 11-17394

D.C. No. 1:10-cv-01280-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 14, 2013[**]
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and WOOD, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kimba M. Wood, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Glenda Brown appeals from the district court's judgment affirming the final decision of the Commissioner of Social Security ("the Commissioner") denying benefits because Brown was not disabled. "We review the district court's order affirming denial of benefits de novo," *Vazquez v. Astrue*, 572 F.3d 586, 590 (9th Cir. 2008) (emphasis removed), and "will uphold the Commissioner's denial of benefits if the Commissioner applied the correct legal standards and substantial evidence supports the decision," *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). After conducting de novo review of the extensive record in this case, we affirm.

Brown argues that the ALJ improperly concluded that she had a medium residual functional capacity ("RFC"). We find that the ALJ's conclusion that Brown had a medium RFC is supported by substantial evidence in the record. The ALJ properly rejected the testimony of "some older (pre-current application) assessments" in favor of "more recent" opinions. The ALJ also properly credited more recent medical evidence which was consistent with the record as a whole. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *see also* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent

an opinion is with the record as a whole, the more weight we will give that opinion.").

Brown contends that the ALJ erred by failing to credit the opinion of Dr. Mohinder Nijjar, whose examination supported a light RFC. We conclude that the ALJ provided "specific and legitimate reasons . . . supported by substantial evidence in the record" for rejecting Dr. Nijjar's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ noted that Dr. Nijjar's opinion conflicted with other medical testimony, and Brown offers no reason to credit Dr. Nijjar's assessment over other, more recent assessments. *See Burkhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988) (approving ALJ's rejection of one medical opinion where claimant failed to explain why it deserved more weight than other opinions). "We have consistently held that 'questions of credibility and resolution of conflicts in the testimony are functions solely of the [ALJ]." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). Further, although Brown argues that the ALJ failed to distinguish between California worker's compensation terminology and Social Security terminology in addressing Dr. Linda Martinson's assessment, we conclude that the ALJ properly distinguished between the differing terminology by expressly addressing the issue with the vocational expert.

Brown's argument that the ALJ improperly rejected her subjective testimony is also without merit because the ALJ provided "specific, clear and convincing reasons for doing so." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ properly used "ordinary techniques of credibility evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted). Those techniques included considering Brown's "dismal" work history; *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); Brown's daily activities, which contradicted her testimony regarding the severity of her impairment, *Molina*, 674 F.3d at 1112-13; and the ALJ's personal observations of Brown at the hearing, *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

Finally, we agree that the ALJ erred by failing to consider the statement of a lay witness. *See Stout*, 454 F.3d at 1053 (explaining that lay witness testimony "*cannot* be disregarded without comment" (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). Nevertheless, we affirm the Commissioner's decision because Brown has failed to carry her burden to show that this error was harmful. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009); *Molina*, 674 F.3d at 1115-22. The statement at issue predates Brown's onset date by fifteen months, and does not describe any limitations beyond those raised in Brown's testimony, which the ALJ "discussed at length and rejected." *Molina*, 674 F.3d at 1122 (finding failure to

4

address lay testimony harmless where statements did not allege any limitations beyond those described by claimant). Accordingly, the ALJ's failure to address the lay testimony was "inconsequential to the ultimate nondisability determination." *Carmickle*, 533 F.3d at 1162.

**AFFIRMED**.