**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAELA WHITNEY KELLNER,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN,

Defendant - Appellee.

No. 13-56357

D.C. No. 8:12-cv-01457-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jean Rosenbluth, Magistrate Judge, Presiding

Submitted September 2, 2014[**]

Before: GOULD, BERZON, and BEA, Circuit Judges.

Michaela Whitney Kellner appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disabled adult

child's benefits and supplemental security income under Titles II and XVI of the

Social Security Act. Kellner contends that the administrative law judge ("ALJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

erred in finding that she could perform existing work and was thus not disabled. She specifically contends that the ALJ erred in rejecting her testimony regarding the extent of her pain and dysfunction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.* Where evidence is susceptible to more than one rational interpretation, we "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Id.* at 1111.

Kellner's contentions that the ALJ erred in discounting her credibility lack merit. The ALJ offered specific, clear and convincing reasons for rejecting some of Kellner's statements by specifically citing to her claims that were inconsistent with the medical evidence, including treating physicians' evidence that Kellner walked with a normal, unassisted gait and had intact sensation in her left foot. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ also properly discounted Kellner's credibility by citing to her mother's statements, because the objective records did not support Kellner's claim that she required a cane for

2

ambulation. *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). Finally, the ALJ's finding that Kellner did not make "even a good faith effort to find gainful employment" is also a clear and convincing reason to discount her credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Kellner waived any argument that the ALJ erred in giving little weight to the opinions of her treating physicians, and in giving more weight to the testifying medical expert's opinions. *Carmickle,* 533 F.3d at 1161 n.2.

**AFFIRMED.**