NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALD MIZERIK,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    18-16667

D.C. No. 3:18-cv-01241-MEJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Submitted January 20, 2022[**]

Before:  D.W. NELSON, BRESS, and BUMATAY, Circuit Judges.

Donald Mizerik appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits ("DIB") under Title II of the Social Security Act.  We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation omitted), and we affirm.

The administrative law judge ("ALJ") properly considered Mizerik's anxiety in finding that he had the residual functional capacity to perform the full range of light work and was capable of performing his past relevant work. The fact that Mizerik was prescribed anti-anxiety medication did not establish a severe mental impairment. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (reasoning that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted); *see Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) (reasoning that a diagnosis alone does not establish severity). In assessing Mizerik's mental impairment, the ALJ properly employed the "special technique" applicable at the time of his decision in September 2017. *See* 20 C.F.R. § 404.1520a (effective Mar. 27, 2017). Substantial evidence, including the opinions of three doctors, supports the ALJ's finding that the claimant had no severe mental impairment. *See Ford*, 950 F.3d at 1154.

Substantial evidence also supports the ALJ's finding that Mizerik's bowel symptoms would not interfere with his work. The ALJ appropriately considered the frequency and duration of Mizerik's symptoms and properly concluded that he could drive to work. *See* 20 C.F.R. § 402.1429(c)(3)(ii); *Burch v. Barnhart*, 400

2

F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citation omitted). Any error in the ALJ's reference to incontinence products was harmless. *See Ford*, 950 F.3d at 1154.

    **AFFIRMED.**