Danette BRONSON, Plaintiff–
Appellant,

v.

Jo Anne BARNHART, Commissioner
of Social Security, Defendant–
Appellee.

No. 02–55081.

D.C. CV–99–11776–GHK(JWJ).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2003.

Decided Feb. 13, 2003.

Before BROWNING, PREGERSON,
and REINHARDT, Circuit Judges.

MEMORANDUM[1]

Plaintiff–Appellant Danette Bronson appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration ("Commissioner"). Bronson argues that the Administrative Law Judge ("ALJ") engaged in abusive conduct that exhibited improper bias against her. The magistrate judge acknowledged that "[t]hroughout the course of the hearing, the ALJ repeatedly insulted and belittled plaintiff's counsel with sarcastic and degrading remarks" and that the "ALJ's actions appear to have been unnecessary."

Generally, we presume that an ALJ is unbiased. *Rollins v. Massanari,* 261 F.3d 853, 857–58 (9th Cir.2001) (citing *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999)). While " 'expressions of impatience, dissatisfaction, annoyance, and even anger' " by themselves "do not establish bias," *Rollins,* 261 F.3d at 858 (quoting *Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)), a claimant may rebut the presumption that an ALJ is unbiased if he shows that "the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.' " *Id.* (quoting *Liteky,* 510 U.S. at 551); *see also* 20 C.F.R. § 404.940.

In Bronson's hearing, the ALJ directed his abuse primarily at her counsel. He frequently demonstrated a bitter impatience towards Bronson's counsel, constantly interrupting her direct examination of Bronson and cross-examination of the vocational expert. The manner in which

---

1. This disposition is not appropriate for publication and may not be cited in or by the courts of this circuit except as may be provided by NINTH CIRCUIT RULE 36–3.

the ALJ conducted himself with Bronson's counsel—constantly berating her[2] and questioning her competence in front of her client—constituted bias such that in this context Bronson had no chance for a full and fair hearing. The ALJ's hostility towards Bronson's counsel was so severe and pervasive that it colored the entire hearing with bias. *Cf. Rollins,* 261 F.3d at 858. Because the ALJ failed to provide Bronson with a full and fair hearing, we REMAND to the Commissioner for a new hearing before a different ALJ.

VACATED and REMANDED.

---

2. At least twice, the ALJ accused counsel of being from "outer space" or having just returned from her "spaceship."

