**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT R. GALARZA, | No. 09-57029 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-07144-SJO-VBK |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 14, 2011[**]
Pasadena, California

Before: PREGERSON and BYBEE, Circuit Judges, and DAVIDSON, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Glen H. Davidson, Senior District Judge for the U.S.
District Court for Northern Mississippi, sitting by designation.

Appellant Robert R. Galarza ("Galarza") challenges the district court's decision upholding the Commissioner of Social Security's determination that Galarza was not disabled for purposes of disability and Social Security Insurance benefits eligibility.

Before the hearing, the Administrative Law Judge ("ALJ") denied Galarza's attorney Stephanie Simpson's ("Simpson") request that the ALJ recuse himself based upon perceived bias towards counsel. Bias must be shown within the context of an individual case. *See Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001). As evidence of the ALJ's bias, Simpson only cited to a previous unpublished memorandum disposition, *Bronson v. Barnhart*, No. 02-55081, 2003 WL 329292, at *1 (9th Cir. Feb. 13, 2003) (unpublished), in which this court found that the ALJ had exhibited bias against Simpson. Since Simpson provided no evidence of bias within the context of this case, her request was appropriately denied. *Rollins,* 261 F.3d at 858.

At the hearing, the ALJ found that Galarza did not present credible evidence regarding his inability to work. In addition, the ALJ found that Galarza does not have an impairment or combination of impairments that makes him eligible for benefits and had not suffered a "disability" as defined by the Social Security Act at any time through the date of the ALJ's decision.

2

Subjective complaints of pain are subject to an ALJ's credibility assessment. *See Rollins,* 261 F.3d at 856-57. In making an adverse credibility finding, the ALJ properly considered the factual inconsistencies between Galarza's testimony and the medical report, and the inconsistencies within Galarza's testimony itself. *See Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

The ALJ's statements regarding the conflicting medical opinions, Galarza's sporadic treatment history, and inconsistencies in Galarza's testimony regarding his pain provide a specific and legitimate basis to determine that Galarza does not have a severe impairment under step two of the five step sequential process. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2010). The ALJ correctly applied the law and his decision was supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

**AFFIRMED**.