**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAMMY S. WALLIS,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant - Appellee.

No. 13-35777

D.C. No. 3:12-cv-05238-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Submitted June 2, 2015[**]
Seattle, Washington

Before:    O'SCANNLAIN, TASHIMA, and McKEOWN, Circuit Judges.

Tammy S. Wallis appeals from the district court's order affirming the

Administrative Law Judge's ("ALJ") denial of benefits. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

1. Wallis argues that the ALJ erred by not crediting her testimony regarding her mental and physical limitations. Once a claimant produces objective medical evidence of an impairment and shows that the impairment could reasonably be expected to produce some degree of symptoms, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Here, the ALJ did offer clear and convincing evidence for rejecting Wallis's testimony. Specifically, the ALJ cited Wallis' drug-seeking behavior, her inconsistent statements about her psychotic symptoms, and her manipulative behavior. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (suggesting that drug-seeking behavior undermines a claimant's credibility); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (stating that a claimant's inconsistent statements can constitute "clear and convincing evidence" for discrediting a claimant). Substantial evidence supports the ALJ's decision and any other claimed error "does not negate the validity" of that conclusion. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation marks omitted).

2. Wallis next argues that the ALJ erred by failing to discuss the lay testimony. The ALJ erred by not discussing the lay testimony. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) ("If an ALJ disregards the testimony of a lay

2

witness, the ALJ must provide reasons 'that are germane to each witness'" (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996))).  The ALJ's failure to discuss the lay testimony is, however, harmless because the testimony describes the same limitations as Wallis' own testimony, and the ALJ's valid reasons for rejecting Wallis' testimony apply with equal force to the lay testimony. *See Molina*, 674 F.3d AT 1122.

3.  Wallis next argues that the ALJ did not properly evaluate the medical evidence in the record concerning Wallis' mental impairments and limits.  This argument lacks merit.  The ALJ's Residual Functional Capacity ("RFC") determination reasonably encompassed the limitations cited by Dr. Morris.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (stating that a claimant who has deficiencies in concentration, persistence, or pace retains the ability to perform "simple tasks").  Further, the ALJ's decision not to accept the controverted global assessment functioning score given by Barbara Mills, MHP, was supported by "specific, legitimate reasons." *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("Where conflicting medical opinions exist, the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician.").  Finally pursuant to the Commissioner's Program Operations Manual System ("POMS"), the ALJ did not err in relying on the "narrative"

3

section of Dr. Lysak's mental RFC assessment over the "summary conclusions" section. POMS DI 25020.010(B)(1); *Warre v. Comm'r of Social Sec. Admin*, 439 F.3d 1001, 1005 (9th Cir. 2006) ("The POMS does not have the force of law, but it is persuasive authority.").

**4.**     Finally, Wallis argues that the ALJ erred in evaluating the medical evidence pertinent to her alleged physical impairments. The ALJ did not err in not mentioning all of the evidence Wallis put forth regarding her physical limitations. The ALJ need only explain why "significant probative evidence has been rejected." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (internal quotation marks omitted)). Because none of the evidence referenced by Wallis is significant or probative, the ALJ did not err in not specifically discussing it.

Moreover, the ALJ gave clear and convincing reasons for rejecting Dr. Deem's recommendation for "light work," which was based solely on Wallis' subjective complaints, Dr. Deem and Ms. Miller's opinions were not consistent with the related treatment notes and clinical findings. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). These reasons apply equally to Dr. Staley's opinion; therefore, any error in the ALJ's consideration of the state agency evaluation is harmless. *See Molina*, 674 F.3d at 1115, 1121-22.

**5.** Finally, Wallis makes a conclusory argument that the ALJ improperly determined her RFC and erred in basing her step-five finding on a hypothetical that did not include all of her limitations. This argument simply reiterates Wallis' arguments discussed above. For the reasons set forth above, these arguments have no merit.

**AFFIRMED.**